# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-427 CAS |
| | ) | |
| FRANCIS G. SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Bobby Garrett's motion to dismiss plaintiff's petition for insufficient service of process pursuant to Rule 12(b)(5), Federal Rules of Civil Procedure.  Plaintiff Matthew Cox opposes the motion. No reply has been filed and the time to do has passed.  The motion will be denied as moot for the following reasons.

**Discussion**

Defendant Garrett's motion states that on March 22, 2013, he was served with summons and a document titled "Amended Petition," which is substantively different than the Petition plaintiff filed in state court and that was removed to this Court, and that no Amended Complaint has been filed in this case.  Garrett moves to dismiss on the basis that service of process is insufficient as plaintiff has failed to comply with Rule 4(c)(1), Fed. R. Civ. P., because the "Amended Petition" does not represent "a copy of the complaint" as required by Rule 4(c)(1).

A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.  5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353 (2d ed. 1990).

In response, plaintiff concedes that he did not serve a copy of the correct Petition upon defendant Garrett, but by affidavit of counsel states that after the motion to dismiss was filed, counsel for defendant Garrett agreed to waive personal service of the petition and to accept service on Garrett's behalf, and did so by electronic mail on May 2, 2013.  Defendant Garrett has filed no reply within the time allowed to do so, and therefore the Court assumes that Garrett does not dispute plaintiff's opposition and the affidavit of plaintiff's counsel.

This is acceptable service under Rule 4(e)(2)(C), and therefore defendant Garrett's motion to dismiss for insufficient service of process should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Garrett's motion to dismiss for insufficient service of Process under Rule 12(b)(5), Fed. R. Civ. P., is **DENIED as moot**.  [Doc. 14]


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this _____20th_____ day of May, 2013.

2