**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-427 CAS |
| ) | |
| FRANCIS G. SLAY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Bobby Lee Garrett's motion to dismiss Count VI of plaintiff's Amended Complaint, which asserts a state law claim for abuse of process. The motion is fully briefed and ripe for review. For the following reasons, Garrett's motion to dismiss will be denied.

**Background**

This action was filed on March 9, 2013 by plaintiff Matthew Cox against the members of the Board of Police Commissioners of the St. Louis Metropolitan Police Department (the "Board") and a former St. Louis police officer, defendant Garrett. Plaintiff alleges that his federal civil rights were violated when he was arrested, convicted and imprisoned based on false evidence manufactured by defendant Garrett. As relevant to the instant motion, plaintiff alleges that in June 1997, Garrett prepared a fraudulent affidavit in support of an application for search warrant of an apartment at 5622 Delmar in the City of St. Louis, and after searching the apartment for several hours and finding nothing, demanded money from plaintiff and stated that the officers would frame plaintiff if he did not pay them. Am. Compl. ¶¶ 15-19.

Plaintiff alleges that the officers were about to abandon the search and take plaintiff to his house to retrieve money, when one of the officers allegedly found a large amount of cocaine in a hidden location in the kitchen.  Plaintiff shared the apartment with several other men, and maintained at all times that he had no knowledge of any drugs being in the apartment.  Plaintiff alleges that after the cocaine was found, Garrett put him in a car and drove him to plaintiff's house to collect money, again threatening to fabricate a case against plaintiff if he did not cooperate.  Plaintiff then directed Garrett to a drawer where plaintiff's wife kept a substantial amount of money, and the officers took the money.  Am. Compl. ¶¶ 20-23.  Plaintiff also alleges that Garrett provided false or misleading information in the police report, suppressed relevant evidence, provided false or misleading information to prosecutors, and testified falsely at trial.  Am. Compl. ¶¶ 74-75.

Plaintiff alleges that he was wrongfully found guilty of possession of cocaine base with intent to distribute based on the false evidence manufactured by Garrett, and was imprisoned from January 16, 1998 to December 9, 2010, at least four years and nine months of which term was solely as a result of the wrongful conviction.

Plaintiff alleges that Garrett subsequently pled guilty to wire fraud, conspiracy to commit wire fraud, lying to Special Agents of the Federal Bureau of Investigation, and obstruction of justice.  See United States v. Garrett, Case No. 4:08-CR-703 ERW (E.D. Mo.).  Based on Garrett's conviction, plaintiff obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas corpus motion seeking relief under 28 U.S.C. § 2255.  The United States acquiesced in plaintiff's request and the Eighth Circuit issued an order authorizing plaintiff to proceed with his motion in April 2010. Plaintiff alleges that after reviewing the evidence presented at plaintiff's trial along with new evidence concerning Garrett's corrupt practices, the United States stipulated that with respect to plaintiff's conviction on Count I in the underlying criminal case, there

2

was no sufficient or adequate information, testimony or evidence to convict plaintiff beyond a reasonable doubt of the offense of possession with the intent to distribute cocaine base in the absence of a valid search warrant for 5622 Delmar; that false statements and omissions may have been made with reckless disregard for the truth by the sole affiant to the search warrant sufficient to warrant a Franks[1] hearing; that the government would be unable to offer relevant credible evidence in defense of the affidavit in support of the warrant in the event of a Franks hearing; and that there was no longer legal reason or sufficient lawful evidence to pursue plaintiff's prosecution in the case.  Plaintiff and the government stipulated that Counts I and IV of plaintiff's conviction should be vacated.  On December 13, 2010, this Court, the Honorable Judge Carol E. Jackson presiding, issued an order vacating plaintiff's conviction on Counts I and IV and ordering the United States Bureau of Prisons to release him from custody immediately.[2]

Plaintiff asserts federal civil rights claims against the Board and Garrett pursuant to 42 U.S.C. § 1983 and supplemental state law claims against Garrett for malicious prosecution, wrongful imprisonment and abuse of process.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff need not

---

[1]  Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

[2]  See Cox v. United States, 4:10-CV-1542 CEJ (E.D. Mo.).

3

provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted).  This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.  Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]" Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoted case omitted).

4

**Discussion**

    I. *Failure to State a Claim*

Defendant Garrett moves to dismiss plaintiff's state law abuse of process claim in Count VI on the basis that plaintiff has not pleaded any facts, as opposed to labels and conclusions, to show that Garrett made an improper or illegal use of process. Plaintiff does not respond to this aspect of the motion to dismiss. "[T]he absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits . . . ." Country Club Estates, L.L.C. v. Town of Loma Linda, No. 213 F.3d 1001, 1006 (8th Cir. 2000).

Under applicable Missouri law, the elements of a cause of action for abuse of process are "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. 1979) (en banc). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process.' Ritterbusch v. Holt, 789 S.W.2d 491, 493 n.1 (Mo. 1990) (en banc).

In support of the motion to dismiss, Garrett states that the complaint makes only the conclusory assertion that he "abused legal process . . . to cover up and deflect attention from Defendant Garrett's theft of money," Am. Compl. ¶ 75, and "provides absolutely no information or factual support as to the circumstances of this alleged 'theft of money.'" Mem. Supp. Mot. Dismiss at 3.

Defendant Garrett's argument is not well taken and ignores the factual allegations of the Amended Complaint summarized above that are incorporated by reference into Count VI. Am. Compl. ¶ 73. Plaintiff's allegations that Garrett obtained a search warrant for the apartment and then

while executing the warrant forced plaintiff to obtain money under the threat that he would be falsely accused of a crime is a clear allegation that Garrett used process for an illegal or improper purpose. This aspect of defendant's motion to dismiss Count VI should therefore be denied.

II. *Statute of Limitations*

Defendant Garrett also moves to dismiss Count VI on the basis that the applicable statute of limitations has expired. Garrett states that under Missouri law, an action for abuse of process comes within the five-year general statute of limitations applicable to personal injuries, Missouri Revised Statutes § 516.120(2) (2000), see Corley v. Jacobs, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991), and that the statute begins to run from the termination of the acts that constitute the alleged abuse, not from the completion of the action in which the process issued, citing Steinhilber v. Lake Winnebago Home Owner's Ass'n, 965 F.2d 602, 604 (8th Cir. 1992). Garrett asserts that because plaintiff's criminal trial occurred in 1998, his cause of action for abuse of process would have expired in 2003, nine years prior to the commencement of this action, so Count VI should be dismissed as barred by the statute of limitations.[3]

Plaintiff responds that his abuse of process claim was tolled until the time his conviction was vacated, because the claim would have impugned the conviction. Plaintiff states that Corley and Steinhilber do not address the application of the abuse of process statute of limitations in the context of a claim by an exonerated prisoner where the abuse of process resulted in a wrongful conviction, and therefore provide little guidance. Plaintiff states that in the context of civil rights claims arising from wrongful convictions, the Supreme Court has held that a claim for damages for an unconstitutional conviction or imprisonment, or for other actions whose unlawfulness would render

---

[3] The record of the underlying criminal case shows that plaintiff's trial took place in September 1997. See United States v. Cox, 4:97-CR-274 (E.D. Mo.)

a conviction or sentence invalid, does not accrue until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, citing Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff also states that the Supreme Court noted the statute of limitations would pose no problem because a cause of action that would imply the invalidity of a conviction would not accrue until the conviction was reversed or expunged, and the statute of limitations would not begin to run until then: "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, . . . so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90 (internal citations omitted).

Plaintiff states that although a claim for abuse of process does not require termination in a plaintiff's favor, the Supreme Court instructed that courts "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]"  Id. at 487.  Plaintiff states that here, the Amended Complaint alleges the federal government admitted there was no competent evidence of his guilt apart from the evidence provided by Garrett.  Plaintiff contends that his claim of abuse of process would have necessarily implied the invalidity of his conviction for possession with intent to distribute cocaine base, and would therefore have been barred by Heck.

In the alternative, plaintiff argues that his abuse of process claim would have been barred by the Missouri doctrines of res judicata and collateral estoppel until such time as the conviction was overturned, citing Adams v. VanWormer, 892 S.W.2d 655 (Mo. Ct. App. 1994) (in civil lawsuit against police officer and witness involved in criminal trial, convicted murderer was collaterally

7

estopped from raising issues in civil action that had been decided against him in the earlier criminal trial). Plaintiff states that under these doctrines, he would have been barred from asserting his abuse of process claim while his conviction was in effect, as he could not bring a claim alleging that Garrett abused legal process and thereby caused his conviction without necessarily and impermissibly challenging the validity of that conviction.

Plaintiff argues that even if his cause of action accrued at the time of abuse of process, Corley does not address whether the statute of limitations is tolled once plaintiff was convicted and during the time that the conviction barred the brining of the abuse of process claim. Plaintiff contends that the "obvious implication" of both Steinhilber and Corley is that the abuse of process cause of action in those cases accrued and the limitations period ran because the claims could have been brought earlier by the plaintiffs in those cases. In contrast, plaintiff argues that he could not have brought his abuse of process claim until his wrongful conviction was set aside, making this situation similar to malicious prosecution cases under Missouri law and constitutional torts under Heck.

Plaintiff also argues that an abuse of process can constitute a "continuing tort" or "continuing wrong" under Missouri law, citing Davis v. Laclede Gas Co., 603 S.W.2d 554, 556 (Mo. 1980) (en banc) ("If . . . the wrong may be said to continue from day to day, and to create a fresh injury from day to day, and the wrong is capable of being terminated, a right of action exists for the damages suffered within the statutory period immediately preceding suit.") (emphasis added). Plaintiff states that his complaint alleges Garrett "allow[ed] Plaintiff to languish in prison, despite Defendant's knowledge that Plaintiff did not commit the crime alleged." Am. Compl. ¶ 37(f). Plaintiff contends that Garrett could have come forward and told the truth at any time during his incarceration but did

8

not, and as a result the term of his incarceration constitutes a continuing wrong and the limitations period for his abuse of process claim was tolled during his incarceration.

In reply, Garrett argues that Heck concerned a prisoner seeking damages in a § 1983 suit, and plaintiff fails to explain how a Supreme Court decision regarding the accrual of a § 1983 action would have any bearing on the accrual of a claim for abuse of process under Missouri law. Garrett contends that plaintiff's alternative theory of a continuing tort fails because statutes of limitation are favored under Missouri law and any exceptions must be strictly construed, Graham v. McGrath, 243 S.W.3d 459, 464 (Mo. Ct. App. 2007), and plaintiff bears the burden to show that he strictly comes within a claimed exception. Id. Garrett concedes that plaintiff's action for abuse of process might have been subject to a collateral estoppel defense, but asserts this does not save the untimely cause of action because plaintiff provides no authority that application of the doctrine results in the statute of limitations being tolled. Garrett concludes that because claims for abuse of process are subject to a five-year limitations period, the claim is time barred and must be dismissed.

The Eighth Circuit has explained, "Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove." Jessie v. Potter, 516 F.3d 709, 713 (8th Cir. 2008). "A defendant does not render a complaint defective by pleading an affirmative defense[.]" Id. Thus, "As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011) (internal quotation omitted). As a result, the inquiry for purposes of the instant motion is whether plaintiff's Amended Complaint establishes that his abuse of process claim is barred by the statute of limitations.

Because this is a state law claim, the Court applies Missouri law regarding the statute of limitations and any rules that are an integral part of the statute of limitations, such as tolling and

equitable estoppel. See Walker v. Barrett, 650 F.3d 1198, 1203-04 (8th Cir. 2011). The parties agree that the five-year statute of limitations of § 516.120(2), Mo. Rev. Stat., applies to a claim for abuse of process. See Corley, 820 S.W.2d at 672. In Missouri, the statute of limitations on an abuse of process claim "begins to run from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued." Id.

The complaint alleges that the actions constituting abuse of process occurred in 1997 but also alleges that plaintiff was imprisoned on the charge of possession with intent distribute to cocaine base solely on the false evidence manufactured and provided by Garrett, and was not released until December 9, 2010. The complaint further alleges that plaintiff was unable to bring his claim until he was released because the claim would have impugned his then-existing conviction. These allegations from the complaint could plausibly support plaintiff's collateral estoppel argument raised in opposition to the motion to dismiss, and therefore the complaint itself does not entirely foreclose the possibility that plaintiff can successfully rebut defendants' statute of limitations defense. In addition, as plaintiff asserts, Missouri recognizes the continuing tort or continuing wrong doctrine, see Davis v. Laclede Gas Co., 603 S.W.2d at 556, which could plausibly apply here.[4]

Defendant Garrett argues plaintiff has not cited any Missouri cases holding that even if he was collaterally estopped from bringing suit, this would have any effect on the statute of limitations. This argument fails to recognize that in the context of a motion to dismiss under Rule 12(b)(6), dismissal on the basis of the statute of limitations is proper only where the complaint itself establishes the defense. See Joyce, 635 F.3d at 367. The complaint does not so establish in this

---

[4] There is no indication that Missouri courts have adopted the analytical framework of Heck v. Humphrey, 512 U.S. at 486-87, for analyzing the accrual of state law claims. Cf. Parish v. City of Elkhart, 614 F.3d 677, 681 (7th Cir. 2010) (stating that the Indiana Court of Appeals had adopted the Heck framework with respect to the accrual of state law claims for false imprisonment).

case. The Court also notes that defendant, as the moving party, has not cited any Missouri cases to support his argument that collateral estoppel would not have an effect on the statute of limitations.

Based on the foregoing, defendant Garrett's motion to dismiss plaintiff's abuse of process claim in Count VI as untimely should be denied.

**Conclusion**

For the foregoing reasons, defendant Garrett's motion to dismiss Count VI of the Amended Complaint should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Garrett's Motion to Dismiss is **DENIED**. [Doc. 31]

**IT IS FURTHER ORDERED** that defendant Garrett shall file his answer to Count VI of the Amended Complaint within the time specified by the Federal Rules of Civil Procedure. See Rule 12(a)(4)(A).

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of November, 2013.